## PENNSYLVANIA R. R. CO. *v.* DALE.

The question of damages for personal injuries, resulting from the negligence of rail-
road employees, is for the jury to determine.

**Error to the court of common pleas of Warren county.**

Opinion delivered May 11, 1874, by

GORDON, J. If there be anything in this case from which a doubt as
to the rectitude of the ruling of the court below might be raised, it would
be from the admission of evidence under the defendant's ninth exception,
and the answer to its fourth and fifth points. The offer was "to show,
that at the time of the accident, one part of the business of the plaintiff
was dealing in lands, buying and selling the same; that he had a quantity
of land then on hand; and to show the value of the business at the time of
the accident, and the profits arising therefrom." The answer to the
points was as follows: "If the plaintiff at the time of the injury, was
engaged in a legitimate business, from which pecuniary profits had arisen
and future profits might be reasonably expected, which business was inter-
rupted or suspended in consequence of disabilities, physical or mental,
inflicted by the negligence of the defendant, the loss of such anticipated
profits is properly the subject of compensation in damages."

Without overruling our own decisions, we cannot say that this
admission and answer are wrong. This very point came up in the case
of the Railroad Co. *v.* Coyle, 5 P. F. S. 396, wherein it was held, that
the plaintiff, who was a peddler, might prove the annual amount of his
sales, and the profit he made thereon, as tending to show the amount he
might have earned had he been able to attend to his business. We ap-
prehend that the profits arising from a legitimate land business are not
less certain than those arising from the business of peddling, nor more
difficult to estimate.

It is true, that merely speculative profits are not to be considered,
and against the consideration of such profits, the court carefully guards
the jury by saying, "if however, the business was uncertain and specula-
tive and not attended with any reasonable certainty of profits, then it
would not have a pecuniary value to be estimated in this action."

The damages in cases like this are to be arrived at by considering
the reduction which the accident has wrought upon one's earning powers,
whether mental or physical, or both combined, and in order to do this

properly, reference must always be had to the business in which such an one is engaged at the time of the accident. No better rule can be laid down than that adopted by Justice Sharswood, in the case of The Railroad Co. *v.* Butler, in which he says: "The proper measure of damages is the pecuniary loss suffered by the parties entitled to the sum to be recovered ٭ and that loss is what the deceased would probably have earned by his intellectual or bodily labor in his business or profession during the residue of his lifetime, and which would have gone for the benefit of his children taking into consideration his age, ability and disposition to labor, and his habits of living and expenditures." This rule, though immediately applicable to cases brought for damages resulting from the loss of the life of a husband or parent, is nevertheless applicable, *mutatis mutandis*, not only to the case in hand but to all similar cases.

Human business is as varied as human wants and human ideas. Each one adopts that which suits him best, or from which he can derive the largest profits, and when, by another's negligence, he is deprived of the power of properly conducting such business, the question of what damages he shall have by way of compensation is wholly for the jury.

Judgment affirmed.